Isadore Schuman, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 32189.   Promulgated October 7, 1930.

*Maurice T. Weinshenk, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

MATTHEWS: We are of the opinion that the evidence is not sufficient to show that the alleged bad debt was worthless or was ascertained to be worthless in 1924. The item of $8,500 appears to have been charged off because the petitioner thought that collection thereof was doubtful. The ascertainment of the worthlessness of a debt, either in whole or in part, is the exercise of sound business judgment based upon as complete information as is practically obtainable. As was said by the United States Circuit Court of Appeals for the Ninth Circuit in *American Trust Co.* v. *Commissioner of Internal Revenue*, 31 Fed. (2d) 47:

\* \* \* But a debt cannot be written off as worthless merely because it is doubtful. Reasonable and intelligent effort must be made to determine its value, and the circumstances thus discovered must be such as reasonably to generate the belief that it is in fact worthless. \* \* \*

The petitioner appears to have made no investigation of the assets of the Avery Co. The petitioner's agent testified that he was informed by the bank which handled the sale of the notes that further liquidating dividends would not likely be paid by the Avery Co. sub-

sequent to the close of 1924, but there is no evidence as to any facts in the possession of the bank which would justify such a statement. Facts, not conclusions alone, must be presented to us, so that we can form an independent opinion on the question. *Alemite Die Casting & Manufacturing Co.*, 1 B. T. A. 548; *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566; *Cullum Motor Co.*, 15 B. T. A. 1253; *Adelphi Paint & Color Works, Inc.*, 18 B. T. A. 436; *Wroe v. Bass*, 40 Fed. (2d) 695. There is no satisfactory proof that the debt claimed as a deduction by the petitioner was ascertained to be worthless in 1924. The deficiency determined by the Commissioner is approved.

*Judgment will be entered for the respondent.*